# Court of Appeals
# of the State of Georgia

ATLANTA,  September 21, 2021

*The Court of Appeals hereby passes the following order:*

## A22A0188. ERICA KING v. GREEN IMPLEMENTATION GROUP, LLC.

Green Implementation Group, LLC filed this dispossessory action against Erica King in magistrate court, seeking $24,500 in past due rent. King asserted counterclaims, and the case was transferred to superior court. On December 23, 2019, the superior court entered a writ of possession in favor of the plaintiff. However, due to interim filings by the parties in federal court, the superior court vacated its December 23 order and remanded the case to magistrate court.

On February 19, 2020, the magistrate court entered a writ of possession in the plaintiff's favor, struck King's counterclaims, and ordered King to pay rent into the court's registry pending appeal. King appealed to superior court. On March 2, 2020, the superior court entered an "Order Staying Proceedings," pending an appeal filed by King in federal court.[1] Thereafter on April 5, 2021, the trial court entered an "Order Clarifying Scope of Prior Stay Order," to clarify that its stay did not affect the eviction proceeding that was pending in magistrate court. Also on April 5, 2021, the trial court entered an order restoring this case to active status on the court's docket, noting the Eleventh Circuit's dismissal of King's appeal. On April 9, 2021, King filed a notice of appeal seeking review of the April 5, 2021 order clarifying the scope of the prior stay. However, we lack jurisdiction.

As a general rule, a direct appeal requires that the judgment or order appealed be final, which means the case is no longer pending in the court below. See *Fein v. Chenault*, 330 Ga. App. 222, 227 (767 SE2d 766) (2014). This case remains pending

---

[1] King filed a second case in federal court on December 31, 2019.

in the court below.  Moreover, this appeal presents issues that are moot. A moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997). King seeks review of an order clarifying a stay that is no longer in effect. Accordingly, any ruling by this Court on the order would have no practical effect on the controversy in superior court. Thus, this appeal is hereby DISMISSED as MOOT.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*   09/21/2021

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*